## Case No. 2,848.

### CLARKE v. CRAMER.

[1 MacA. Pat. Cas. 473.]

Circuit Court, District of Columbia. Dec., 1856.

PATENTS—PRIORITY—CONFLICT OF EVIDENCE.

[Where the evidence as to priority of invention is conflicting, its weight must govern.]

[Appeal from the commissioner of patents. [Interference. Eneas P. Clarke, as assignee of Joseph W. Henery, and James P. Cramer, claimed priority of invention for an improved cultivator tooth. The commissioner of patents decided in favor of Cramer, and Clarke appeals.]

J. Dennis, Jr., for appellant.

DUNLOP, Chief Judge. In this case the closing argument of Clarke's counsel was presented to me during the present session of the circuit court of the District of Columbia, and the appeal submitted for my decision. I have carefully read and considered the mass of testimony taken in this controversy, much of which is confused and contradictory, and subject to exception, on the ground of interest in the witnesses, and have also read and considered the arguments of the counsel of the parties litigant submitted to me in writing.

I think the commissioner of patents has properly decided to award the priority of invention of the "improved cultivator tooth" to James P. Cramer, upon the admissions of Mr. Henery, Eneas P. Clarke's assignor, made before his assignment to Clarke, and proved by the depositions of Osborne, Follick, Welsh, Mott, and Whitman. These witnesses are unimpeached, and in the argument of Clarke's counsel the admissions proved by them are not denied, but attempted to be explained. This explanation will be noticed hereafter. It is true Shaw and Clarke, witnesses for E. P. Clarke, assignee, who are also unimpeached, prove admissions by Cramer inconsistent with his claim as inventor, and assigning the discovery and merit of the contrivance to Mr. Henery. Supposing these admissions of Cramer, so proved by Shaw and Clarke, not to be reconcilable with the idea that Cramer, in making them, meant only to ascribe to Henery the mechanical merit of perfecting the machinery of the improved cultivator tooth according to his (Cramer's) suggestion, still, in this conflict of testimony, the commissioner of patents and the judge on appeal must be governed by the weight of evidence, which certainly preponderates on Cramer's side. I have not referred to Henery's testimony given on the present interference between Cramer and E. P. Clarke. Upon his cross-examination, it appears that the only consideration paid to him for the assignment to E. P. Clarke was the sum of one dollar, and that he advanced his own money to pay the expenses of the officers (Boice and Bryon) in summoning witnesses for E. P. Clarke, his assignee. It would seem, therefore, that the assignment is only colorable, and that Henery is the real plaintiff in the case, and not a competent witness. But if I am wrong in this, and Henery is to be received as a witness, it would not alter my opinion as to the weight of testimony in this controversy.

I will now allude briefly to the attempted explanation made by E. P. Clarke's counsel of Henery's admissions. It is urged in the argument of the counsel before me and in the examination of Henery as a witness that Cramer deceived Henery, and induced him to believe that he (Cramer) intended to apply at Washington for a patent in his (Henery's) name, and that, relying on the good faith of Cramer, he (Henery) had made the admissions proved against him. But if Henery knew himself to be the true inventor of the improved cultivator tooth, and had authorized Cramer to apply for a patent for it in his (Henery's) own name, it is altogether in conflict with all the principles of action which would govern a reasonable man that he should make false admissions to five different people, the only effect of which would be to defeat the object he had in view, to wit, the getting of a patent in his own name. Besides, Henery seems to have been well aware that to get the patent the inventor must himself swear to his invention. He well knew that he had taken and furnished to Cramer no such oath, and therefore that Cramer could not at Washington obtain the patent in his (Henery's) name. The untenable excuses thus made only serve to fortify the truth of the admissions proved by the five witnesses above referred to.

As to the reasons of appeal, to which my revision is by law limited, the first, third, fifth, and sixth reasons of appeal are answered together in the aforegoing remarks. The second reason of appeal is immaterial in this controversy, and need not be decided, if I am right in the conclusion that the commissioner of patents did not err in awarding priority of invention to Cramer on the proved admissions of Henery. The fourth reason of appeal is also immaterial, because I have not relied at all on French's evidence, but have treated him as an incompetent witness. I therefore affirm the judgment of the commissioner of patents awarding priority of invention of the improved cultivator tooth to James P. Cramer.